**Billy BARNES, Plaintiff-Appellant,**

v.

**NEW YORK STATE DIVISION OF HUMAN RIGHTS and Beth Israel Medical Center, Defendants-Appellees.**

**16-3942-cv**

United States Court of Appeals, Second Circuit.

January 30, 2018

FOR    PLAINTIFF-APPELLANT: FRANTZGERMAIN BERNARDIN, New York, NY.

FOR DEFENDANT-APPELLEE New York State Division of Human Rights: DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Steven C. Wu, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General, State of New York, New York, NY.

FOR DEFENDANT-APPELLEE Beth Israel Medical Center: DAVID R. MARSHALL, Locke Lord LLP, New York, NY.

PRESENT: Pierre N. Leval, Guido Calabresi, José A. Cabranes, Circuit Judges.

## SUMMARY ORDER

Plaintiff-Appellant · Billy Barnes ("Barnes") appeals the District Court's judgment granting the motions of Defendants-Appellees New York State Division of Human Rights ("Division of Human Rights" or "Division") and Beth Israel Medical Center ("Beth Israel") to dismiss his Amended Complaint ("complaint"). The complaint alleged that the Division of Human Rights and Beth Israel had violated Barnes's rights under the New York State Human Rights Law and Title VII of the Civil Rights Act of 1964. The District Court dismissed Barnes's complaint against the Division of Human Rights for lack of subject-matter jurisdiction. It dis-

missed the complaint against Beth Israel for failure to state a claim upon which relief can be granted. We assume the parties' familiarity with the facts and procedural history of the case.

The only issue on appeal is whether the District Court correctly dismissed Barnes's complaint against Beth Israel on the ground of collateral estoppel. Although Barnes names both the Division of Human Rights and Beth Israel as appellees, he makes no objection to the grounds on which the District Court dismissed his complaint against the Division. He is therefore deemed to have waived any such objection that he could have made. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

A dismissal for failure to state a claim is reviewed *de novo. Pac. Inv. Mgmt. Co. v. Mayer Brown LLP*, 603 F.3d 144, 150 (2d Cir. 2010). We must assume every fact alleged in the plaintiff's claim to be true and must draw every reasonable inference from those alleged facts in favor of the plaintiff. *Id.*

We think that the District Court correctly dismissed Barnes's complaint against Beth Israel for substantially the same reasons as those that the District Court gave in its Memorandum Opinion and Order of September 29, 2016. *See Barnes v. N.Y. State Div. of Human Rights*, No. 14 CV 2388-LTS, 2016 WL 5477737, at *3 (S.D.N.Y. Sept. 29, 2016).

## CONCLUSION

We have reviewed all of the arguments raised by Barnes on appeal and find them to be without merit. We therefore **AFFIRM** the October 19, 2016 judgment of the District Court.